IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEWIS REYES,<br><br>                    Plaintiff,<br>          v.<br><br>HESS RETAIL STORES LLC and SPEEDWAY LLC d/b/a SPEEDWAY #07816,<br><br>                    Defendants. | Civil Action No. 22-cv-3053 |

## NOTICE OF REMOVAL

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

Pursuant to 28 U.S.C. §§ 1441 and 1446(a), Defendant SPEEDWAY LLC ("Speedway") i/s/h/a HESS RETAIL STORES LLC and SPEEDWAY LLC d/b/a SPEEDWAY 307816, by and through its counsel, Rivkin Radler LLP, hereby gives notice of the removal of the above-captioned matter from the Supreme Court of the State of New York, County of Queens, where the action is now pending, to the United States District Court for the Eastern District of New York, and respectfully states as follows:

1.     Plaintiff, Lewis Reyes, commenced this action (the "Action") on or about January 28, 2022 through the filing of a Summons and Complaint (collectively, the "Complaint") against Speedway in the Supreme Court of the State of New York, County of Queens, under Index No. 702108/2022.  Annexed hereto as **Exhibits "A," "B,"** and **"C",** respectively, are copies of all process, pleadings, and/or orders that have been filed in the Action and/or served upon Speedway, as required by 28 U.S.C. § 1446(a) (including Plaintiff's Complaint, Defendant's Answer and

Plaintiff's Response to Defendant's Demand for Bill of Particulars).

2. This Notice of Removal is being filed within thirty days after receipt by Speedway of a copy of a paper from which it was first ascertained that the case is one which is removable and within one year of the commencement of the action. As such, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1) and (c)(1).

3. Removal of this action is proper because this is a civil action in which Plaintiff seeks monetary relief in excess of $75,000.00 against Speedway, and there is complete diversity within the meaning of 28 U.S.C. § 1332 between Plaintiff and Speedway.

4. Venue is proper in this United States District Court pursuant to 28 U.S.C. § 1446(a) because this action is pending in Queens County, which is within the Eastern District of New York.

## I.

## NATURE OF THE CASE

5. The Action is of a civil nature in which Plaintiff seeks monetary relief against Speedway based upon the allegation that Defendant's alleged negligence caused personal injuries to plaintiff on April 18, 2021 while he was on Speedway's premises located at 80-07 Cypress Avenue, County of Queens, City and State of New York.

6. Specifically, in the Complaint, Plaintiff alleges that on July 29, 2019, he was caused to sustain serious personal injuries due to a defective and dangerous condition existing thereat. *See* Ex. A at ¶¶ 47,48.

7. Plaintiff's Complaint does not set forth an amount of damages. *See* Ex. A. On March 10, 2022, Speedway served Plaintiff with a demand for a verified bill of particulars pursuant to New York Civil Practice Law & Rules § 3041. Plaintiff responded to the demand on or about May 4, 2022, stating that Plaintiff sustained various personal injuries and stating that plaintiff

incurred costs related to his medical treatment amounting to $235,000. *See* Ex. C.

## II.

## **THE REQUIREMENTS FOR REMOVAL ARE SATISFIED**

8. The requirements for diversity jurisdiction under 28 U.S.C. § 1332(a)(1) are satisfied.

### *A.   Diversity of Citizenship*

9. At the time this lawsuit was filed and as of the date of this notice, Plaintiff was and is a citizen of the State of New York because he resides and is domiciled at 122-70 134th Street, South Ozone Park, in the County of Queens, State of New York. *See* Ex. A at ¶ 1. Speedway is unaware of any other state or jurisdiction in which Plaintiff is a citizen for purposes of 28 U.S.C. § 1332.

10. At the time this lawsuit was filed and as of the date of this notice, Speedway was and is a foreign limited liability company at all times having its principal place of business in Enon, Ohio and having been registered as a limited liability company in the State of Delaware. Speedway LLC's (DE) sole member is SEI Speedway Holdings, LLC (DE). SEI Speedway Holdings LLC's sole member is 7-Eleven, Inc. 7-Eleven, Inc., a Texas corporation, is wholly-owned by SEJ Asset Management & Investment Company, Inc. ("SEJAMI"), a Delaware corporation. SEJAMI is wholly-owned by Seven-Eleven Japan Co., Ltd. ("SEJ"), a Japanese corporation. SEJ is wholly owned by Seven & i Holdings Co., Ltd., a Japanese corporation, whose stock is publicly traded on the Tokyo Stock Exchange.

11. Defendant, Hess Retail Stores LLC was a Delaware limited liability company that was merged into Speedway LLC effective October 1, 2015. A copy of the certificate of merger can be found at **Exhibit "D".** Moreover, it is not the real and substantial party to the controversy

and therefore, its citizenship should be disregarded in assessing whether complete diversity exists. *State of New York by Abrams v. Gen. Motors Corp.*, 547 F. Supp. 703, 704 (S.D.N.Y. 1982) *citing Navarro Savings Association v. Lee*, 446 U.S. 458, 460-61 (1980).  In its Answer, Speedway admitted to being the record owner of the subject convenience store located at 8007 Cypress Avenue, Glendale, NY 11385.  *See* Ex. B at ¶ 3.  No cause of action or claim for relief is or could be stated against Hess Retail Stores LLC or on its behalf in this action.  As such, for purposes of diversity citizenship, Hess Retail Store LLC should be disregarded. *See Lewis Morris Assocs. v. Admiral Ins. Co.*, 2004 U.S. Dist. LEXIS 8348, *2, 2004 WL 1065522 (S.D.N.Y. 2004) ("federal courts disregard the citizenship of nominal parties in assessing whether complete diversity exists for purposes of 28 U.S.C. § 1332(a)(1)").

12. Accordingly, the diversity requirement of 28 U.S.C. § 1332(a)(1) is satisfied.

**B.   Amount in Controversy**

13. The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  Specifically, Plaintiff asserts in the Complaint that Plaintiff's injuries are "permanent," "serious" and "severe."  *See* Ex. A at ¶¶ 47, 49.  He further asserts that he was compelled to seek medical aid and attention.  *See* Ex. A at ¶ 49.  Furthermore, in response to Speedway's demand for a verified bill of particulars, Plaintiff states that his medical expenses alone are in the amount of $235,000. *See* Ex. C.

### III.

### THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED

14. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within 30 days after receipt of Plaintiff's response to Speedway's demand for a verified bill of

particulars, which constitutes the "amended pleading . . . or other paper from which it [was] first . . . ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

15. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the District Court embracing the Supreme Court of New York, County of Queens, where Plaintiff's Complaint is pending. *See* 28 U.S.C. § 112(b).

16. Speedway will give written notice to Plaintiff (through their counsel) of the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d).

17. A copy of this Notice of Removal and a Notice of Filing the Notice of Removal will be filed by Speedway with the Clerk of the Supreme Court of the State of New York, County of Queens, as required by 28 U.S.C. § 1446(d). Speedway has thus satisfied the requirements for removal under 28 U.S.C. § 1446 and all applicable rules.

## IV.

## **CONCLUSION**

18. For all the foregoing reasons, Speedway respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law. Speedway intends no admission of liability by this Notice and expressly reserves all defenses, motions, and pleas, including, without limitation, objections to the sufficiency of Plaintiff's pleadings.

**WHEREFORE**, Defendant Speedway LLC hereby removes this action from the Supreme Court of New York, County of Queens, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  Should any question arise as to the propriety of this removal, Speedway respectfully requests an opportunity to provide additional briefing and oral argument.

Dated: Uniondale, New York
      May 24, 2022                Respectfully submitted,

By: _____/s/_____
Jacqueline Bushwack (JB-0306)
RIVKIN RADLER LLP
926 RXR Plaza, 10th Floor
Uniondale, NY 11556-0926
(516) 357-3239/3333-Fax #
RR File No. 9949-10025

*Attorneys for Defendant*
*SPEEDWAY LLC i/s/h/a*
*HESS RETAIL STORES LLC and*
*SPEEDWAY LLC d/b/a SPEEDWAY #07816*