# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
LEWIS REYES,

       Plaintiff,

  -against-

HESS RETAIL STORES LLC and SPEEDWAY LLC
d/b/a SPEEDWAY #07816,

       Defendants.
-------------------------------------------------------------------X

Index No.:
Date Purchased:

**VERIFIED COMPLAINT**

  Plaintiff, by his attorneys, BURNS & HARRIS, ESQS., as and for a Verified Complaint herein, respectfully sets forth and alleges, upon information and belief:

  1. That at all times hereinafter mentioned, plaintiff, LEWIS REYES, was and still is a resident of the County of Queens, City and State of New York.

  2. That at all times mentioned herein, defendant HESS RETAIL STORES LLC was a foreign limited liability company doing business and deriving substantial revenue from doing business in the State of New York.

  3. That at all times mentioned herein, defendant HESS RETAIL STORES LLC owned the premises known as 80-07 Cypress Avenue, County of Queens, City and State of New York.

  4. That at all times mentioned herein, defendant HESS RETAIL STORES LLC, its agents, servants and/or employees, operated the premises, including the gas station and self-service area, at the premises known as 80-07 Cypress Avenue, County of Queens, City and State of New York.

  5. That at all times mentioned herein, defendant HESS RETAIL STORES LLC, its agents, servants and/or employees, managed the premises, including the gas station and self-

service area, at the premises known as 80-07 Cypress Avenue, County of Queens, City and State of New York.

6. That at all times mentioned herein, defendant HESS RETAIL STORES LLC, its agents, servants and/or employees, maintained the premises, including the gas station and self-service area, at the premises known as 80-07 Cypress Avenue, County of Queens, City and State of New York.

7. That at all times mentioned herein, defendant HESS RETAIL STORES LLC, its agents, servants and/or employees, controlled the premises, including the gas station and self-service area, at the premises known as 80-07 Cypress Avenue, County of Queens, City and State of New York.

8. That at all times mentioned herein, defendant HESS RETAIL STORES LLC, its agents, servants and/or employees, supervised the premises, including the gas station and self-service area, at the premises known as 80-07 Cypress Avenue, County of Queens, City and State of New York.

9. That at all times mentioned herein, defendant HESS RETAIL STORES LLC, its agents, servants and/or employees, built/constructed the premises, including the gas station and self-service area, at the premises known as 80-07 Cypress Avenue, County of Queens, City and State of New York.

10. That at all times mentioned herein, defendant HESS RETAIL STORES LLC, its agents, servants and/or employees, built/constructed/installed fuel pumps at the aforesaid premises which involved the placement/installation of new concrete squares in the exterior portions of the gas station and self-service area.

11. That at all times mentioned herein, it was the duty of defendant HESS RETAIL STORES LLC, its agents, servants and/or employees, to maintain the aforesaid premises, including the gas station and self-service area, in a reasonably safe condition and in good repair.

12. That at all times mentioned herein, it was the duty of defendant HESS RETAIL STORES LLC, its agents, servants and/or employees, to prevent the aforesaid premises, including the gas station and self-service area, from becoming and remaining raised, lifted, uneven, poorly maintained, improperly constructed/built/designed/inspected/repaired, dangerous, defective, hazardous and/or unsafe with a tripping hazard present threat.

13. That at all times mentioned herein, it was the duty of defendant HESS RETAIL STORES LLC, its agents, servants and/or employees, to provide persons like plaintiff lawfully traversing the aforesaid premises, including the gas station and self-service area, with a reasonably safe place to walk.

14. That at all times mentioned herein, it was the duty of defendant HESS RETAIL STORES LLC, its agents, servants and/or employees, to timely make necessary and required repairs and inspections to/of the aforesaid the aforesaid premises, including the gas station and self-service area.

15. That at all times mentioned herein, it was the duty of defendant HESS RETAIL STORES LLC, its agents, servants and/or employees, not to cause and create a tripping hazard on the exterior portion of its premises by building/constructing/installing underground fuel pumps at the aforesaid premises requiring the placement/installation of new concrete squares in the exterior portions of the gas station and self-service area which resulted in the existence of uneven, lifted, unsafe pavement.

14. That at all times mentioned herein, defendant HESS RETAIL STORES LLC, its agents, servants and/or employees, failed to maintain the aforesaid premises, including the gas station and self-service area, in a reasonably safe condition and in good repair.

15. That at all times mentioned herein, defendant HESS RETAIL STORES LLC, its agents, servants and/or employees, failed to prevent the aforesaid premises, including the gas station and self-service area, from becoming and remaining raised, lifted, uneven, poorly maintained, improperly constructed/built/designed/inspected/repaired, dangerous, defective, hazardous and/or unsafe with a tripping hazard present thereat.

16. That at all times mentioned herein, defendant HESS RETAIL STORES LLC, its agents, servants and/or employees, failed to provide persons like plaintiff lawfully traversing the aforesaid premises, including the gas station and self-service area, with a reasonably safe place to walk.

17. That at all times mentioned herein, defendant HESS RETAIL STORES LLC, its agents, servants and/or employees, failed to timely make necessary and required repairs and inspections to/of the aforesaid the aforesaid premises, including the gas station and self-service area.

18. That at all times mentioned herein, defendant HESS RETAIL STORES LLC, its agents, servants and/or employees, caused and created a tripping hazard on the exterior portion of its premises by building/constructing/installing underground fuel pumps at the aforesaid premises requiring the placement/installation of new concrete squares in the exterior portions of the gas station and self-service area which resulted in the existence of uneven, lifted, unsafe pavement.

19. That at all times mentioned herein, defendant SPEEDWAY LLC was a foreign limited liability company doing business and deriving substantial revenue from doing business in

6

the State of New York.

20. That at all times mentioned herein, defendant SPEEDWAY LLC was doing business as SPEEDWAY #07816 at the premises known as 80-07 Cypress Avenue, County of Queens, City and State of New York.

21. That at all times mentioned herein, defendant SPEEDWAY LLC was the owner/operator of a gas station located at 80-07 Cypress Avenue, County of Queens, City and State of New York.

22. That at all times mentioned herein, defendant SPEEDWAY LLC was the commercial tenant of the premises known as 80-07 Cypress Avenue, County of Queens, City and State of New York pursuant to a lease agreement with co-defendant HESS RETAIL STORES.

23. That at all times mentioned herein, defendant SPEEDWAY LLC d/b/a SPEEDWAY #07816, its agents, servants and/or employees, operated the premises, including the gas station and self-service area, at the premises known as 80-07 Cypress Avenue, County of Queens, City and State of New York.

24. That at all times mentioned herein, defendant SPEEDWAY LLC d/b/a SPEEDWAY #07816, its agents, servants and/or employees, managed the premises, including the gas station and self-service area, at the premises known as 80-07 Cypress Avenue, County of Queens, City and State of New York.

25. That at all times mentioned herein, defendant SPEEDWAY LLC d/b/a SPEEDWAY #07816, its agents, servants and/or employees, maintained the premises, including the gas station and self-service area, at the premises known as 80-07 Cypress Avenue, County of Queens, City and State of New York.

26. That at all times mentioned herein, defendant SPEEDWAY LLC d/b/a

SPEEDWAY #07816, its agents, servants and/or employees, controlled the premises, including the gas station and self-service area, at the premises known as 80-07 Cypress Avenue, County of Queens, City and State of New York.

27. That at all times mentioned herein, defendant SPEEDWAY LLC d/b/a SPEEDWAY #07816, its agents, servants and/or employees, supervised the premises, including the gas station and self-service area, at the premises known as 80-07 Cypress Avenue, County of Queens, City and State of New York.

28. That at all times mentioned herein, defendant SPEEDWAY LLC d/b/a SPEEDWAY #07816, its agents, servants and/or employees, built/constructed the premises, including the gas station and self-service area, at the premises known as 80-07 Cypress Avenue, County of Queens, City and State of New York.

29. That at all times mentioned herein, defendant SPEEDWAY LLC d/b/a SPEEDWAY #07816, its agents, servants and/or employees, built/constructed/installed fuel pumps at the aforesaid premises which involved the placement/installation of new concrete squares in the exterior portions of the gas station and self-service area.

30. That at all times mentioned herein, it was the duty of defendant SPEEDWAY LLC d/b/a SPEEDWAY #07816, its agents, servants and/or employees, to maintain the aforesaid premises, including the gas station and self-service area, in a reasonably safe condition and in good repair.

31. That at all times mentioned herein, it was the duty of defendant SPEEDWAY LLC d/b/a SPEEDWAY #07816, its agents, servants and/or employees, to prevent the aforesaid premises, including the gas station and self-service area, from becoming and remaining raised, lifted, uneven, poorly maintained, improperly constructed/built/designed/inspected/repaired,

8

dangerous, defective, hazardous and/or unsafe with a tripping hazard present threat.

32. That at all times mentioned herein, it was the duty of defendant SPEEDWAY LLC d/b/a SPEEDWAY #07816, its agents, servants and/or employees, to provide persons like plaintiff lawfully traversing the aforesaid premises, including the gas station and self-service area, with a reasonably safe place to walk.

33. That at all times mentioned herein, it was the duty of defendant SPEEDWAY LLC d/b/a SPEEDWAY #07816, its agents, servants and/or employees, to timely make necessary and required repairs and inspections to/of the aforesaid the aforesaid premises, including the gas station and self-service area.

34. That at all times mentioned herein, it was the duty of defendant SPEEDWAY LLC d/b/a SPEEDWAY #07816, its agents, servants and/or employees, not to cause and create a tripping hazard on the exterior portion of its premises by building/constructing/installing underground fuel pumps at the aforesaid premises requiring the placement/installation of new concrete squares in the exterior portions of the gas station and self-service area which resulted in the existence of uneven, lifted, unsafe pavement.

35. That at all times mentioned herein, defendant SPEEDWAY LLC d/b/a SPEEDWAY #07816, its agents, servants and/or employees, failed to maintain the aforesaid premises, including the gas station and self-service area, in a reasonably safe condition and in good repair.

36. That at all times mentioned herein, defendant SPEEDWAY LLC d/b/a SPEEDWAY #07816, its agents, servants and/or employees, failed to prevent the aforesaid premises, including the gas station and self-service area, from becoming and remaining raised, lifted, uneven, poorly maintained, improperly constructed/built/designed/inspected/repaired,

9

dangerous, defective, hazardous and/or unsafe with a tripping hazard present threat.

37. That at all times mentioned herein, defendant SPEEDWAY LLC d/b/a SPEEDWAY #07816, its agents, servants and/or employees, failed to provide persons like plaintiff lawfully traversing the aforesaid premises, including the gas station and self-service area, with a reasonably safe place to walk.

38. That at all times mentioned herein, defendant SPEEDWAY LLC d/b/a SPEEDWAY #07816, its agents, servants and/or employees, failed to timely make necessary and required repairs and inspections to/of the aforesaid the aforesaid premises, including the gas station and self-service area.

39. That at all times mentioned herein, defendant SPEEDWAY LLC d/b/a SPEEDWAY #07816, its agents, servants and/or employees, caused and created a tripping hazard on the exterior portion of its premises by building/constructing/installing underground fuel pumps at the aforesaid premises requiring the placement/installation of new concrete squares in the exterior portions of the gas station and self-service area which resulted in the existence of uneven, lifted, unsafe pavement.

40. That on April 18, 2021, plaintiff, LEWIS REYES, was lawfully traversing Speedway's gas station and self-service area at 80-07 Cypress Avenue, County of Queens, City and State of New York.

41. That on April 18, 2021, plaintiff, LEWIS REYES, was caused to fall and be seriously injured while lawfully traversing Speedway's gas station and self-service area at 80-07 Cypress Avenue, County of Queens, City and State of New York.

42. That on April 18, 2021, plaintiff, LEWIS REYES, was caused to fall and be seriously injured while lawfully traversing Speedway's aforesaid gas station and self-service area

10

due to its raised, lifted, uneven, poorly maintained, improperly constructed/built/designed/inspected/repaired, dangerous, defective, hazardous and/or unsafe condition(s) with a tripping hazard present thereat.

44. That on April 18, 2021, and for an unreasonably long period of time prior thereto, Speedway's aforesaid gas station and self-service area became, existed and remained in its raised, lifted, uneven, poorly maintained, improperly constructed/built/designed/inspected/repaired, dangerous, defective, hazardous and/or unsafe condition(s) with a tripping hazard present thereat, and each defendant, its agents, servants and/or employees, carelessly failed to fix, warn of or remedy same.

44. That prior to plaintiff's accident, defendants, and each of them, their agents, servants and/or employees, had actual and/or constructive notice of the aforesaid gas station and self-service area's raised, lifted, uneven, poorly maintained, improperly constructed/built/designed/inspected/repaired, dangerous, defective, hazardous and/or unsafe condition(s) with a tripping hazard present thereat, and each defendant, its agents, servants and/or employees, carelessly failed to fix, warn of or remedy same.

45. That prior to plaintiff's accident, defendants, and each of them, their agents, servants and/or employees, caused and created the aforesaid gas station and self-service area's raised, lifted, uneven, poorly maintained, improperly constructed/built/designed/inspected/repaired, dangerous, defective, hazardous and/or unsafe condition(s) with a tripping hazard present thereat, and each defendant, its agents, servants and/or employees, carelessly failed to fix, warn of or remedy same.

46. That defendants, and each of them, their agents, servants and/or employees, made special use of that part of the aforesaid gas station and self-service area involved in plaintiff's

11

accident, thereby causing plaintiff's accident and resulting injuries.

47. That by reason of the foregoing, plaintiff, LEWIS REYES, was seriously and permanently injured.

48. That plaintiff's accident and resulting injuries were solely caused by reason of the negligence of defendants, and each of them, their agents, servants and/or employees, in their careless and negligent ownership, operation, management, maintenance, repair, control, supervision, use, construction, design and/or inspection of the aforesaid premises, including the gas station and self-service area, and without any negligence on the part of plaintiff contributing thereto.

49. That by reason of the foregoing, plaintiff, LEWIS REYES, was severely injured and damaged, rendered, sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff will be unable to pursue his usual duties with the same degree of efficiency as prior to this occurrence, all to plaintiff's great damage.

50. This action falls within one or more of the exceptions as set forth in CPLR Section 1602.

51. Pursuant to CPLR Section 1602(iv), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to, plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that defendants owed plaintiff a non-delegable duty of care.

52. Pursuant to CPLR Section 1602(iv), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to, plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that defendants are vicariously liable for the negligent acts and omissions of others who caused or contributed to plaintiff's damages.

53. That defendants, and each of them, their agents, servants and/or employees, failed to comply with applicable safety statutes, ordinances, rules and/or regulations as it pertains to construction, maintenance, inspection and/or repair of the aforesaid premises, including the gas station and self-service area, thereby causing plaintiff's accident and resulting injuries.

54. That by reason of the foregoing, plaintiff has been damaged in an amount exceeding the monetary jurisdictional limits, including the minimum threshold for federal jurisdiction, of all lower Courts that would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

WHEREFORE, plaintiff demands judgment against the defendants in an amount exceeding the monetary jurisdictional limits, including the minimum threshold for federal jurisdiction under U.S.C. Section 1332(a), of all lower Courts that would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action, together with the costs and disbursements of this action.

Dated: New York, New York
       January 28, 2022

                                          Yours, etc.
                                          BURNS & HARRIS, ESQS.
                                          Attorneys for Plaintiff

By: _____
      Blake Goldfarb
      233 Broadway, Suite 900
      New York, New York 10279
      (212) 393-1000

## ATTORNEY VERIFICATION

Blake Goldfarb, an attorney duly admitted to practice law in the Courts of the State of New York, shows:

I am the attorney for the plaintiff in the within action and have read the foregoing **COMPLAINT** the contents thereof; the same is true upon information and belief.

This verification is made by this affiant and not by plaintiff because plaintiff reside(s) in a County other than the County wherein your affiant maintains his office.

The grounds of affiant's knowledge and belief are as follows: Conference with clients and notes and records contained in the file maintained in the regular course of business.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: New York, New York
       January 28, 2022

_____
Blake Goldfarb

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
==================================================================

LEWIS REYES,

                              Plaintiff,

   -against-

HESS RETAIL STORES LLC and SPEEDWAY LLC
d/b/a SPEEDWAY #07816,

                            Defendants.
==================================================================
**SUMMONS AND VERIFIED COMPLAINT**
==================================================================

**BURNS & HARRIS, ESQS.**
*Attorneys for Plaintiff*
233 Broadway, Suite 900
New York, New York 10279
(212) 393-1000