# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
LEWIS REYES,

                          Plaintiff,                    **VERIFIED BILL OF**
                                                        **PARTICULARS**
              -against-
                                                        Index No.: 702108/22
HESS RETAIL STORES LLC and SPEEDWAY
LLC d/b/a SPEEDWAY #07816,

                          Defendants.
-------------------------------------------------------------------X

Plaintiff, as and for a Verified Bill of Particulars in response to defendants' demand,

respectfully sets forth and alleges, upon information and belief, as follows:

1.      Plaintiff resides at █████████████████████████

2.      The incident occurred on April 18, 2021 around approximately 1 a.m.

3.      The incident occurred at or near the self-service area of the gas station/premises

located at 8007 Cypress Avenue, County of Queens, City and State of New York.

4.      That defendants, HESS RETAIL STORES LLC and SPEEDWAY LLC d/b/a

SPEEDWAY #07816, their agents, servants and/or employees, were careless and negligent in

their ownership, operation, inspection, management, maintenance, repair, control, use, inspection

and/or supervision of the aforesaid exterior self-service area; in carelessly and negligently

permitting the aforesaid exterior self-service area to come, be and remain raised, lifted, uneven,

poorly maintained, improperly constructed/built/designed/inspected/repaired, dangerous,

defective, hazardous, inadequately illuminated and/or unsafe with a tripping hazard present

thereat despite having actual and/or constructive notice of same for an unreasonably long period

of time before plaintiff's accident; in failing to timely, properly, adequately repair the aforesaid

1

exterior self-service area despite having actual and/or constructive notice of its raised, lifted, uneven, poorly maintained, improperly constructed/built/designed/inspected/repaired, dangerous, defective, hazardous, inadequately illuminated and/or unsafe condition(s) with a tripping hazard present thereat for an unreasonably long period of time before plaintiff's accident; in failing to maintain the aforesaid exterior self-service area in a reasonably safe condition; in making special use of the aforesaid exterior self-service area, thereby causing/creating it to come, be and remain raised, lifted, uneven, poorly maintained, improperly constructed/built/designed/inspected/repaired, dangerous, defective, hazardous, inadequately illuminated and/or unsafe; in causing/creating the aforesaid exterior self-service area defect; in failing to erect barricades or otherwise cordon off or restrict pedestrian use of the aforesaid exterior self-service area; in failing to warn the general public, including plaintiff, of the aforesaid exterior self-service area's raised, lifted, uneven, poorly maintained, improperly constructed/built/designed/inspected/repaired, dangerous, defective, inadequately illuminated, hazardous and/or unsafe condition(s); in causing/creating the aforesaid exterior self-service area's raised, lifted, uneven, poorly maintained, improperly constructed/built/designed/inspected/repaired, dangerous, defective, inadequately illuminated, hazardous and/or unsafe condition(s) through an affirmative act of negligence; in making special use of the aforesaid exterior self-service area, and therefore it had a duty, which it breached, to provide a safer alternative passageway for pedestrians like plaintiff; in failing to hire, furnish and provide competent, qualified, skilled, experienced, trained and diligent persons to perform work, labor, inspections, supervision and/or services upon the aforesaid exterior self-service area; in failing to properly and adequately inspect, repair and/or maintain the aforesaid exterior self-service area; in failing to promulgate, enforce, instruct, advise, abide by, require or ensure the

2

appropriate rules, regulations, guidelines, procedures, policies and/or protocols with respect to the maintenance, repair and/or inspection of the aforesaid exterior self-service area; and in violating those statutes, ordinances, rules and regulations in such cases made and provided, of which this Court will take judicial notice at the time of the trial of this action, including but not limited to NYC Admin. Code Sections 7-210 and 19-152 as well as NYC Department of Transportation Highway Rules Sections 2-09(f)(4)(viii) and (5) and 2-09(a)(2).

5.  That plaintiff sustained personal injuries including:

LUMBAR SPINE:

> L4-5, L5-S1 HERNIATED DISCS WITH IMPINGEMENT
>
> L2-3, L3-4 BULGING DISCS WITH IMPINGEMENT
>
> LUMBAR RADICULOPATHY
>
> ON 4/18/22, PLAINTIFF UNDERWENT BACK SURGERY, INCLUDING L4-5 FUSION

RIGHT SHOULDER:

> LABRAL TEAR, ROTATOR CUFF TEAR, IMPINGEMENT, SYNOVITIS, BURSITIS, ADHESIONS, FROZEN SHOULDER
>
> ON 8/5/21, PLAINTIFF UNDERWENT RIGHT SHOULDER SURGERY, INCLUDING ARTHROSCOPY, SYNOVECTOMY, DEBRIDEMENT, LYSIS OF ADHESIONS, SUBACROMIAL DECOMPRESSION WITH ACROMIOPLASTY

RIGHT KNEE:

> MENISCAL TEARS, INTERNAL DERANGEMENT

CERVICAL SPINE:

> C3-4, C5-6 BULGING DISCS WITH IMPINGEMENT
>
> C4-5 HERNIATED DISCS WITH IMPINGEMENT
>
> CERVICAL RADICULOPATHY

3

NEED FOR NECK SURGERY, INCLUDING DISCECTOMY(IES) AND/OR FUSION(S)

ANTALGIC GAIT

POST-TRAUMATIC ARTHRITIS OF THE AFFECTED BODY PARTS

FUTURE SURGERY IS EXPECTED

AS A RESULT OF THE ABOVE, PLAINTIFF REQUIRED EXTENSIVE PHYSICAL THERAPY AND REHABILITATION, SPLINTING AND CASTING, AS WELL AS PAIN MEDICATION, ANTI-INFLAMMATORIES, ANTIBIOTICS AND MUSCLE RELAXANTS

ALL THE INJURIES SUSTAINED ARE PERMANENT AND WERE ACCOMPANIED BY SEVERE PAIN, SWELLING AND ECCHYMOSIS WITH DAMAGE TO THE SURROUNDING SOFT TISSUES, NERVES, TENDONS, MUSCLES, LIGAMENTS AND BLOOD VESSELS, WITH PERMANENT LOSS OF USE, FUNCTION AND MOTION

ALL SOFT TISSUE INJURIES HAVE RESULTED IN PERMANENT SCARRING AND DISCOLORATION, IN ADDITION TO THE INJURIES SPECIFICALLY SET FORTH, PLAINTIFF HAS OR WILL SUSTAIN THE NATURAL SEQUELAE OF SAID INJURIES

ALL INJURIES WHICH HAVE BEEN SUSTAINED HAVE OR WILL REQUIRE FUTURE CORRECTIVE SURGERY, HOSPITALIZATION AND DISABILITY, TOGETHER WITH NECESSARY MEDICAL AND HOSPITAL EXPENSES

ALL OF THE INJURIES, THEIR NATURAL SEQUELAE AND PROBABLE FUTURE COURSE ARE PERMANENT AND WILL REQUIRE FUTURE CORRECTIVE SURGERY, HOSPITALIZATION, DISABILITY, SURGICAL, MEDICAL, PSYCHIATRIC, HOSPITAL AND ANTHESTHESIA EXPENSES AND DISABILITY FOLLOWING SAID SURGERY

ALL PAST AND FUTURE SURGERY HAS AND WILL RESULT IN PERMANENT SCARRING. ALL OF THE ABOVE INJURIES ARE SUBJECT TO EXACERBATION AND ARE HIGHLY SUSCEPTIBLE TO RE-INJURY

Said injuries have directly and indirectly affected the nerves, tissues, blood vessels, blood supply, muscles, ligaments, cartilages, tendons, bones and soft parts in and about the situs of the above-described areas of injury, including the central nervous system and skeletal system. The foregoing will be supplemented and/or amended as the medical records become available.

All the above-pled injuries are permanent in nature and duration.

6.    Plaintiff was confined to Jamaica Hospital on 4/18/21; and Holy Name Hospital

4

starting 4/18/22 for several days. Plaintiff has been confined to bed and/or home since his accident up through the present time, and continuing.

7.    Plaintiff was not in school or working at the time of his accident.

8.    That plaintiff sustained the following special damages:

    a.  Physicians' services estimated at an amount exceeding $100,000 to date, and continuing.
    b.  Hospital services estimated at an amount exceeding $50,000 to date, and continuing.
    c.  X-rays/MRIs estimated at an amount in excess of $25,000 to date, and continuing.
    d.  Nurses' services estimated at an amount in excess of $25,000 to date, and continuing.
    e.  Physical therapy, chiropractic care estimated at an amount in excess of $25,000 to date, and continuing.
    f.  Medical supplies, drugs, medicine estimated at an amount in excess of $10,000 to date, and continuing.

PLEASE TAKE NOTICE, that plaintiff continues to treat for his accident-related injuries, and as such, continues to incur additional special damages and impairments. Accordingly, please be advised that plaintiff may seek to prove further, additional and/or continuing special damages and impairment and conform her pleadings to the proofs adduced at the time of trial.

9.    Objection – improper interrogatory for which a deposition has already been noticed/demanded, not proper demands for a bill of particulars, evidentiary in nature, outside the scope of CPLR Section 3043, duplicative of other demands herein and already responded to.

10.    Objection – improper interrogatory for which a deposition has already been noticed/demanded, not proper demands for a bill of particulars, evidentiary in nature, outside the scope of CPLR Section 3043, duplicative of other demands herein and already responded to.

11.    Plaintiff claims actual and constructive notice.

12.    Plaintiff claims actual notice. Without in any way conceding that actual notice is a

5

necessary prerequisite to suit herein, plaintiff claims that defendants, HESS RETAIL STORES

LLC and SPEEDWAY LLC d/b/a SPEEDWAY #07816, their agents, servants and/or

employees, had actual notice of the aforesaid exterior self-service area's raised, lifted, uneven,

poorly maintained, improperly constructed/built/designed/inspected/repaired, dangerous,

defective, hazardous, inadequately illuminated and/or unsafe condition(s) based upon complaints

about same made to defendants, 6 HESS RETAIL STORES LLC and SPEEDWAY LLC d/b/a

SPEEDWAY #07816, their agents, servants and/or employees, prior to the subject occurrence;

by virtue of a prior accident(s) and/or prior notice(s) of violation issued to defendants, HESS

RETAIL STORES LLC and SPEEDWAY LLC d/b/a SPEEDWAY #07816, their agents,

servants and/or employees, for the same condition complained of herein prior to plaintiff's

accident; based upon being present upon the aforesaid exterior self-service area through its

agents, servants and/or employees, who actually observed its raised, lifted, uneven, poorly

maintained, improperly constructed/built/designed/inspected/repaired, dangerous, defective,

hazardous, inadequately illuminated and/or unsafe condition(s) before plaintiff's accident but

failed to fix, repair, warn of or remedy same. Plaintiff is unable to further respond to this demand

until defendants furnish him with discovery and depositions.

13.   Plaintiff claims constructive notice Without in any way conceding that

constructive notice is a necessary prerequisite to suit herein, plaintiff claims that defendants,

HESS RETAIL STORES LLC and SPEEDWAY LLC d/b/a SPEEDWAY #07816, their agents,

servants and/or employees, had constructive notice of the aforesaid exterior self-service area's

raised, lifted, uneven, poorly maintained, improperly

constructed/built/designed/inspected/repaired, dangerous, defective, hazardous, inadequately

illuminated and/or unsafe condition(s) because same was/were readily visible and apparent to

6

defendants, HESS RETAIL STORES LLC and SPEEDWAY LLC d/b/a SPEEDWAY #07816, their agents, servants and/or employees, upon a reasonable inspection or walk thru of the accident location and because it/they existed/remained for an unreasonably long period of time prior to plaintiff's accident and should have been discovered, remedied, repaired and/or warned of by defendants, HESS RETAIL STORES LLC and SPEEDWAY LLC d/b/a SPEEDWAY #07816, their agents, servants and/or employees, had they bothered to exercise reasonable care and act like a reasonable property owner/manager/tenant. Plaintiff is unable to further respond to this demand until defendants furnish him with discovery and depositions.

14.     Objection – improper interrogatory for which a deposition has already been noticed/demanded, not proper demands for a bill of particulars, evidentiary in nature, outside the scope of CPLR Section 3043, duplicative of other demands herein and already responded to.

15.     Plaintiff's social-security number shall be provided under separate cover to avoid the risk of identity theft. Plaintiff's date of birth is xx-xx-xx96.

16.     Plaintiff claims that defendants, HESS RETAIL STORES LLC and SPEEDWAY LLC d/b/a SPEEDWAY #07816, their agents, servants and/or employees, violated NYC Admin. Code Sections 7-210 and 19-152 as well as NYC Department of Transportation Highway Rules Sections 2-09(f)(4)(viii) and (5) and 2-09(a)(2). In addition to all other rules, regulations, statutes, codes and standards heretofore alleged as violated in this matter, plaintiff alleges that the following subsections of CPLR Section 1602 are applicable: 1602(2)(iv) and 1602(11).

17.     Objection – improper interrogatory for which a deposition has already been noticed/demanded, not proper demands for a bill of particulars, evidentiary in nature, outside the scope of CPLR Section 3043, duplicative of other demands herein and already responded to.

18.     Not applicable.

7

19.     Not applicable.

20.     Objection – improper interrogatory for which a deposition has already been noticed/demanded, not proper demands for a bill of particulars, evidentiary in nature, outside the scope of CPLR Section 3043, duplicative of other demands herein and already responded to.

PLEASE TAKE FURTHER NOTICE, that plaintiff reserves the right to supplement and/or amend his bill(s) of particulars up through and including at the time of trial.

Dated:     New York, New York
           May 4, 2022

                          Yours, etc.
                          BURNS & HARRIS, ESQS.
                          Attorneys for Plaintiff

                          BLAKE GOLDFARB
                          233 Broadway, Suite 900
                          New York, New York 10279
                          (212) 393-1000
                          Our File No. 207225

TO:

RIVKIN RADLER, LLP
Attorneys for Defendants
SPEEDWAY LLC i/s/h/a
HESS RETAIL STORES LLC and
SPEEDWAY LLC D/B/A SPEEDWAY #07816
926 RXR Plaza, 10th Floor
Uniondale, New York 11556
(516) 357-3239
RR File No.: 9949-10025

8

## ATTORNEY VERIFICATION

BLAKE G. GOLDFARB, ESQ., an attorney duly admitted to practice law in the Courts of the State of New York, shows:

I am the attorney for plaintiff in the within action and have read the foregoing **BILL OF PARTICULARS** and know the contents thereof; the same is true upon information and belief.

This verification is made by your affirmant and not by plaintiff because plaintiff resides in a County other than the County wherein your affirmant maintains his office.

The grounds of your affirmant's knowledge and belief are as follows:  Conferences with client and notes and records contained in the file maintained in the regular course of business.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: New York, New York
      May 4, 2022

                                                           BLAKE G. GOLDFARB

**Index No.: 702108/2022**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

LEWIS REYES,

Plaintiff,

-against-

HESS RETAIL STORES LLC and SPEEDWAY
LLC d/b/a SPEEDWAY #07816,

Defendants.

**VERIFIED BILL OF PARTICULARS**

**BURNS & HARRIS, ESQS.**
*Attorneys for Plaintiff*
**233 Broadway, Suite 900**
**New York, New York 10279**
**(212) 393-1000**

10