UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
LEWIS REYES,

                         Plaintiff,

         - against -

HESS RETAIL STORES LLC and
SPEEDWAY LLC,

                      Defendants.
----------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

22-cv-3053 (BMC)

**COGAN**, District Judge.

      In <u>Moltner v. Starbucks Coffee Co.</u>, 624 F.3d 34 (2d Cir. 2010), the Second Circuit attempted to resolve the uncertainty in diversity removal cases about when a state court defendant's 30-day period begins to run where the complaint does not allege a specific amount in controversy. In often-quoted language, the Circuit held that "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount in controversy." <u>Id</u>. at 37.

      The issue arose in state court-filed personal injury actions because N.Y. C.P.L.R. § 3017(c) does not permit a plaintiff in such cases to state an amount in controversy in his complaint. The defense personal injury bar, either as a matter of strategy, or out of concern that its clients' time to remove was running because of allegations in the complaint suggesting, but not expressly alleging, that the amount sought exceeded $75,000, was removing cases too early, or at least earlier than they needed to.

      Attempting to create a bright-line rule to put any ambiguity to rest, <u>Moltner</u> pointed to the second part of C.P.L.R. § 3017(c). This provision gives a defendant in personal injury cases the

right to serve a discovery demand requiring the plaintiff to state the express amount in controversy. Moltner held that if there was no explicit, written demand for more than $75,000 appearing elsewhere, it was only upon receipt of the answer to such a discovery demand that a defendant's time to remove began to run, thus resulting in the language quoted above. Recognizing that in diversity cases, a defendant is barred from removal if it does not remove within one year of the commencement of the case, see 28 U.S.C. § 1441(c)(1), the Moltner court instructed defendants that they "would be well advised to utilize the N.Y. C.P.L.R. § 3017 procedures and request a supplemental demand setting forth Plaintiff's total damages, before removing to federal court." Moltner, 624 F.3d at 38.

Moltner helped, but it does not cover the issue raised in the instant case. That is because the plaintiffs' personal injury bar was not asleep at the switch; it also read Moltner. In recent times, it has therefore become fashionable for plaintiffs to include an allegation in their state court complaint to the effect that "plaintiff demands judgment in an amount exceeding the monetary jurisdictional limits, including the minimum threshold for federal jurisdiction under 28 U.S.C. § 1332(a)." In this way, plaintiffs can create a potentially removable action without violating (at least directly) C.P.L.R. § 3017(c).

That is the situation in the instant case – defendant waited until it had received a response to its demand for a bill of particulars. That response listed special damages totaling over $200,000, which defendant contends was the first notice it had that the case was removable. But plaintiff has moved to remand on the ground that the complaint, by expressly alleging that the amount in controversy exceeded the diversity threshold, started the 30-day period when defendant received it. If so, removal based on the response to the bill of particulars was too late.

I agree with plaintiff.  Moltner addressed a situation where there was nothing explicit putting the defendant on notice until the C.P.L.R. § 3017(c) demand, and it was in that context that the Circuit referred to an "explicit[] specifi[cation] of the amount in controversy."  Id. at 37.  But Moltner did not preclude the possibility that other papers could also put defendant on notice by explicitly disclosing that more than $75,000 was being sought.  That is what the complaint did here.[1]

The only issue here is whether plaintiff's demand for an amount "exceeding the monetary jurisdictional limits, including the minimum threshold for federal jurisdiction under 28 U.S.C. § 1332(a)", was an "explicit[] specifi[cation]" equivalent to a demand for some specific amount as would be the case, for example, in a response to a C.P.L.R. § 3017(c) demand.  It is true that a C.P.L.R. § 3017(c) response, unlike the allegation here, could constitute a top as well as a bottom figure.  There is no "top" on plaintiff's allegation here – we only know that it is more than $75,000.  But the purpose of the jurisdictional allegation is not to facilitate settlement or allow a defendant to determine what resources to commit to the case.  Cf. Romulus v. United States, 160 F.3d 131, 132 (2d Cir. 1998) (in action under the Federal Tort Claims Act, a plaintiff's claim "must be specific enough to serve the purpose of the FTCA to enable the federal government to expedite the fair settlement of tort claims.").  We are only interested in the bottom – is it more than $75,000?  And as to that question, plaintiff's allegation is quite specific – it is.

---

[1] This allegation in the complaint (like many of the others in the complaint) contains a typographical error – plaintiff alleged that he met "the minimum threshold for federal jurisdiction under U.S.C. § Section 1332(a) [sic]."  The failure to properly cite the statute did not deprive defendant of the knowledge that plaintiff was seeking more than $75,000. See Reid v. Blair, No. 21-cv-8870, 2022 WL 1261778, at *3 (S.D.N.Y. April 28, 2022) (erroneous citation to 28 U.S.C. § 1331 instead of § 1332 did not deprive defendant of notice that the complaint triggered the removal period).

3

Although plaintiff's allegation does not have a number, any lawyer should know that an allegation that the plaintiff's demand "exceeds the monetary jurisdictional limits, including the minimum threshold for federal jurisdiction under 28 U.S.C. § 1332(a)," is no different than alleging "exceeds $75,000." It therefore satisfies Moltner's requirement of an explicit specification.[2]

The following example will illustrate this. Assume that the current amount-in-controversy allegation was not in plaintiff's complaint, but that, in responding to defendant's demand for a bill of particulars, plaintiff had stated that "the amount in controversy exceeds the minimum threshold for federal jurisdiction under 28 U.S.C. § 1332(a)." Defendant might have an argument in state court that this was an insufficient response under C.P.L.R. § 3017(c). But defendant could not seriously contend that such a response would fail to commence its removal period.

This makes it apparent that all defendant is complaining about is where the disclosure appears. But the commencement of the 30-day period cannot depend on that. The question is when defendant had notice of the jurisdictional amount in some paper, and a complaint is obviously just as capable of giving that notice as a response to a bill of particulars.

Aside from attempting to apply Moltner too broadly, defendant argues that it could not rely on the complaint as a basis to remove because the amount-in-controversy allegation is "conclusory." All the cases upon which defendant relies are very different from the instant case. They either involved a bad faith allegation of the amount in controversy, or they represent pre-

---

[2] Plaintiff's allegation in his complaint presents even more express disclosure than the C.P.L.R. § 3017(c) response in Moltner. There, the plaintiff asserted that his damages were "not to exceed $3 million." But that could have included any number less than $3 million, including amounts less than $75,000. That is not the case here, where plaintiff plainly alleged a claim in excess of the amount required by 28 U.S.C. § 1332(a).

4

Moltner attempts by removing defendants to cobble together allegations of injury in a complaint to reach their own conclusion that more than $75,000 was in controversy.[3]

For example, in Meyer, Suozzi, English & Klein, P.C. v. Higbee, No. 18-cv-3353, 2020 WL 1140424 (E.D.N.Y. March 9, 2020), upon which defendant relies, it was the plaintiff who was trying to invoke diversity jurisdiction and alleged in its complaint that more than $75,000 was at issue, despite having made a settlement demand for $5280. Judge Spatt, looking at the intangible elements of damage that the plaintiff alleged in its complaint to reach the $75,000 threshold, and citing the settlement demand, held that "it is inconceivable that the monetary value of [the plaintiff's] efforts exceeded $75,000." Id. at *3. See also Turban v. Bar Giacosa Corp., No. 19-cv-1138, 2019 WL 3495447 (S.D.N.Y. Aug. 1, 2019) ("it is not plausible from the facts alleged that [plaintiff] would have misappropriated more than $75,000 in tips.").

The point of Higbee is that a plaintiff cannot falsely state the amount in controversy for the purpose of invoking federal jurisdiction, just as he cannot manipulate his own citizenship to create diversity. See Wright and Miller, 13 Fed. Prac. & Proc. § 3637 (3rd ed. May 2022) ("the books are filled with opinions involving devices by which a particular party sought to create diversity of citizenship jurisdiction, and thereby gain access to federal court, or to prevent diversity, and thereby keep the case in state court.") (footnote omitted). Like any allegation in a pleading, a bad faith jurisdictional allegation will not survive scrutiny. But there is nothing wrong with a "conclusory" allegation of damages, if the opposing party is not contesting the amount in controversy, or if the court, pursuant to its obligation to determine its jurisdiction *sua sponte*, see Turtur v. Rothschild Registry Int'l, Inc., 26 F.3d 304, 307 (2d Cir. 1994), sees nothing

---

[3] See Herrera v. Bird, No. 07-cv-4000, 2007 WL 2816187, at *2 (E.D.N.Y. Sept. 26, 2007).

to suggest that the allegation is manipulative. To hold otherwise would require courts to dismiss diversity actions alleging, for example, that "defendant's principal place of business is in Ohio" where neither side disputes that on the ground that it is merely a conclusory assertion because it does not allege facts to support that allegation. Only if the allegation is challenged factually, or is plainly inaccurate, will a plaintiff lose the "rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." Scherer v. Equitable Life Assurance Soc'y of U.S., 347 F.3d 394, 397 (2d Cir. 2003).

Post-Moltner, the problem of bad faith allegations or clear impossibility will rarely arise in removed diversity cases. This case shows why. Plaintiff's complaint alleges that more than $75,000 is in controversy, and defendant, rather than arguing that the case cannot be worth $75,000, of course has embraced plaintiff's position as defendant's path to federal court. If this Court perceived that plaintiff's demand was without substance, it might fall within the Higbee-type cases, but there is nothing to suggest that the Court need have that concern.

Finally, the few district court opinions that have addressed the issue have \resolved it the same way as this decision, remanding cases based on an allegation in a complaint essentially the same as the allegation in the complaint that plaintiff has made here. See Reid v. Blair, No. 21-cv-8870, 2022 WL 1261778 (S.D.N.Y. April 28, 2022); Anguiano v. Vukovojac, No. 21-cv-7523, 2021 WL 6063693 (S.D.N.Y. Dec. 22, 2021); Jimenez-Castro v. Greenwich Ins. Co., No. 20-cv-09210, 2020 WL 7352505 (S.D.N.Y. Dec. 15, 2020).[4]

---

[4] Defendant claims that Almonte v. Target Corp., 462 F. Supp. 3d 360 (S.D.N.Y. 2020), reaches a contrary result, but it does not. The amount-in-controversy allegation in Almonte was that "plaintiff has been damaged in an amount in excess of all lower courts that would otherwise have jurisdiction herein and that exceeds the jurisdictional minimum of all courts that would have concurrent jurisdiction, together with the costs and disbursements of this action." The court held, in essence, that the plaintiff was too clever by half, as the reference to "concurrent jurisdiction" could apply just as easily to the various different (and numerous) New York state courts. That is very

I recognize that the notice provided in plaintiff's complaint was undoubtedly strategic, based on the view of plaintiff's counsel that since Moltner, defense counsel have grown accustomed to waiting for discovery responses before attempting removal. However, there is nothing wrong with that strategy. "There is nothing improper in taking account of the tactical and strategic considerations" in choosing a forum. Wright & Miller § 3637, supra. Removal itself represents a defendant's strategic determination that, for whatever reasons, the defendant is better off in federal court than state court. Both sides are entitled to use the procedures that Congress has authorized in representing their clients, and if plaintiff sought to capitalize on the possibility of defendant's complacency, he was entitled to find a way to put explicit language in the complaint starting the removal period. That is what he did.

Accordingly, plaintiff's motion to remand is granted. The case is remanded to the New York State Supreme Court, Queens County.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

_____
U.S.D.J.

Dated: Brooklyn, New York
       June 2, 2022

---

different than the amount-in-controversy allegation in this case, which expressly gave notice that plaintiff was seeking more than $75,000.